UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-141 |
| | ) | |
| WILLIAM KAMAN | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction. [Doc. 465]. Through counsel, the defendant asks the court to resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 470], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

I.  **Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less

2

Case 3:09-cr-00141-RLJ-HBG   Document 471   Filed 05/12/15   Page 2 of 5   PageID #: 2839

than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II.     Factual Background

By judgment dated September 8, 2010, this court sentenced the defendant to a term of imprisonment of 30 months as to Count One (conspiracy to distribute and possess with the intent to distribute oxycodone) and 60 months as to Count Four (possession of a firearm in furtherance of a drug trafficking crime), to be served consecutively for a net sentence of 90 months. For the drug trafficking crime, the defendant's guideline range was 78 to 97 months (total offense level 26, criminal history category III) and was based on the drug quantity table found at U.S.S.G. § 2D1.1(c).

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The court granted that motion and departed downward to 30 months on the oxycodone offense, a substantial-assistance reduction of approximately 62 percent from the bottom of the guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on August 31, 2016.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range for Count One is 63 to 78 months, based on a total offense level of 24 and a criminal history category of III. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction.

**IV. Conclusion**

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 465] is **GRANTED**. The defendant's term of imprisonment is reduced to 24 months as to Count One and 60 months as to Count Four. These terms shall be served consecutively for a net sentence of **84 months**. This sentence reflects a corresponding 62 percent substantial assistance reduction from the bottom of the new guideline range for Count One. *See id.* § 1B1.10(b)(2)(B). If this sentence is less than the amount of time the defendant has already served, the sentence shall instead be reduced to "time served." *See id.* § 1B1.10(b)(2)(C).

Except as provided above, all provisions of the judgment dated September 8, 2010, shall remain in effect. **The effective date of this order is November 2, 2015**. *See id.* § 1B1.10(e)(1).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge